LUCY MENIHAN, Respondent, *v.* WILLIAM G. MENIHAN, Appellant.

Fourth Department, November 19, 1930.

*Sebring & King* [*James O. Sebring* of counsel], for the appellant.
*James B. Wilson,* for the respondent.

PER CURIAM. The written agreement of April 11, 1925, is a valid transfer by defendant to plaintiff of an equal one-half interest in defendant's business and also a partnership agreement by force of which each is entitled to share equally in the profits and losses of the business. The agreement of August 20, 1925, in no wise disaffirms or revokes the first agreement, but it adds a provision to it to the effect that each of the parties shall draw forty dollars per week, and that there shall be an accounting and a division of the profits, in excess of these amounts, quarterly. Both of these agreements are valid and are supported by a good and sufficient consideration. (*White* v. *Hoyt,* 73 N. Y. 505; *Adams* v. *Adams,* 91 id. 381, 384.)

The testimony shows that defendant has broken the partnership agreement by failing to account and divide the profits of the business with plaintiff. This entitles plaintiff to an interlocutory judgment for an accounting and a division of the profits of the business and also to a judgment dissolving the partnership. The issues joined by the complaint and answer had solely to do with the questions whether or not plaintiff and defendant were copartners, and if so, whether plaintiff was entitled to a judgment dissolving the partnership and to an accounting. We are of the opinion that the court erred in finding that plaintiff is not responsible for any of the losses of the business; is not a full partner and for these reasons not entitled to a decree of dissolution of the partnership.

The interlocutory judgment should, therefore, be modified accordingly and as so modified affirmed, with costs to respondent. Certain findings of fact and conclusions of law should be disapproved and reversed and new findings and conclusions made.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Interlocutory judgment modified in accordance with the opinion and as modified affirmed, with costs to respondent. Conclusions of law disapproved and reversed and new findings and conclusions made.